UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DARELLE DAVIS,             ) | |
|    Plaintiff,                      ) | |
|                                        ) | |
| vs.                                  ) | Case No. 22-2279 |
|                                        ) | |
| JEROME COMBS DETENTION ) | |
| CENTER, et.al,                  ) | |
|    Defendants                  ) | |

ORDER

JAMES E. SHADID, U.S. District Judge:

On January 13, 2023, the Court entered one order in three of Plaintiff's pending lawsuits. *See* January 13, 2023, Order.  The order gave Plaintiff additional time to file an amended complaint in this case and dismissed the two subsequent lawsuits.

Plaintiff has now filed a letter with the Court which has been filed as a motion for leave to amend. [12].  However, Plaintiff says he does not understand the Court's order.  Plaintiff appears to believe the Court was ordering him to provide more specific dates and information, but Plaintiff says he has been unable to obtain the appropriate records.  Plaintiff has misunderstood the Court's order.

Plaintiff filed three separate lawsuits in less than a month which each contained repetitive and/or related claims.  Rather than require Plaintiff to pay three separate filing fees of $402 each, the Court dismissed the second and third lawsuit and gave Plaintiff time to file one complete complaint and pay one filing fee.  In other words, "Plaintiff's claims concerning defective pipes, falling due to the leak, his resulting

1

management clinic, and he was only recently provided with a stronger pain medication, Gabapentin, as well as Tylenol. (Comp., p. 5).

Plaintiff has also included the assessment from an orthopedic pain clinic on October 31, 2022. (Comp, p. 9). Plaintiff reported he had suffered with lower back pain since he fell on a wet floor. No acute abnormalities were noted, but the report does confirm: "Mild diffuse disc bulges" (Comp, p. 10). Physical therapy was recommended.

Plaintiff submitted another medical request on November 3, 2022, claiming the pain medication was not helping and when he goes to therapy, he is unable to sleep. (Comp., p. 13). The response advises Plaintiff the pain clinic did not recommend any other medications. In addition, Plaintiff was required to continue with gabapentin for two more weeks before they could consider an increased dosage. (Comp., p. 13). However, medical staff said they could immediately add naproxen or ibuprofen.

It is unclear why the Plaintiff named Officer O'Neal as a Defendant since Plaintiff has failed to state any claim against this officer in his complaint. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them). In addition, it is unclear if Plaintiff intended to list the Jerome Combs Detention Center as a Defendant, but Plaintiff cannot proceed against the jail because it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020).

The Plaintiff's filing also indicates he did receive ongoing medical care for his back pain. At most, Plaintiff has alleged Defendant Shift Supervisor John Doe and Officer Jerkins intentionally delayed medical care for three hours forcing Plaintiff to wait in pain. The Court notes in one of Plaintiff's subsequent lawsuits, the Plaintiff identified the Shift Supervisor as Sergeant Moss. *See Davis v. Jerome Combs Detention Center*, Case No. 23-1009. Therefore, the Court will add Defendant Moss to this lawsuit.

The Court further notes although Plaintiff did not clearly state a claim based on slipping in a puddle of water, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law." *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014). "Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014); *see Bellows v. Decatur Cnty. Sheriff's Department*, 2020 WL 4287218, at *6 (S.D.Ind. July 24, 2020) (slippery floors are not objectively unreasonable under the fourteenth amendment).

Therefore, Plaintiff may proceed with his claim alleging Defendants Sergeant Moss and Officer Jerkins intentionally delayed medical care for three hours after Plaintiff fell in approximately September of 2022, forcing Plaintiff to wait in pain. If Plaintiff was a pretrial detainee at the time of the incident, his claim is pursuant to the Fourteenth Amendment. If was instead a convicted prisoner, his claim will proceed pursuant to the Eighth Amendment. *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Finally, if Plaintiff had intended to state any other claims related to his fall, he may file an amended complaint within 21 days. The amended complaint must include all claims and defendants and must not refer to any previous complaint.

Plaintiff has also filed two motions for appointment of counsel. [5, 17]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions. First, "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017).

Second, the Court asks "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt,* 503 F.3d at 654.

Plaintiff has not demonstrated a reasonable attempt to find counsel on his own. Plaintiff provides only a vague statement that attorneys have not called him back. Plaintiff must either provide a list of attorneys contacted, or copies of letters sent or received. In addition, the Court notes Plaintiff is no longer incarcerated so he should have greater opportunities to contact attorneys. Plaintiff's motions are denied. [5, 17].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Sergeant Moss and Officer Jerkins intentionally delayed medical care for three hours after Plaintiff fell in approximately September of 2022, forcing Plaintiff to wait in pain. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Deny Plaintiff's Motion for Leave to Amend as Plaintiff did not submit a complaint [12]; 2) Dismiss Defendants O'Neal and Jerome Combs Detention Center for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Add Defendant Officer Jerkins; 4) Dismiss Defendant John Doe and add Defendant Sergeant Moss; 5) Deny Plaintiff's motions for appointment of counsel [5], [17];** 6) **Attempt service on Defendants pursuant to the standard procedures; 7) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter**

**scheduling deadlines; and 8) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 29th day of March, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
