UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DARELLE DAVIS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 22-cv-2279 |
| | ) | |
| JOHN JUERGENS, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging a Fourteenth Amendment denial of medical treatment claim against correctional officers Defendants John Juergens and Jeremy Most. (Doc. 18). Now before the Court is Defendants' Motion to Dismiss seeking the dismissal of this case with prejudice pursuant to Federal Rules of Civil Procedure 37 and 41(b) for Plaintiff's repeated failure to comply with this Court's discovery orders. (Doc. 34). For the reasons stated below, Defendants' Motion is GRANTED.

## BACKGROUND

On June 6, 2023, this Court entered a Scheduling Order, which provided deadlines for responding to discovery requests, proffering initial disclosures, and completing discovery. (Doc. 26).

On July 25, 2023, Defendant served Plaintiff with written discovery requests. (Doc. 34-1). Plaintiff's deadline to respond was August 25, 2023, but he did not respond. On September 26, 2023, Defendants mailed a letter to Plaintiff to advise him of the overdue responses and initial disclosures. (Doc. 34-2).

When Plaintiff did not respond, Defendants filed a Motion to Compel on October 19, 2023. (Doc. 33). On October 23, 2023, the Court granted Defendants' Motion and directed Plaintiff to

respond to the discovery requests and provide his initial disclosures by November 6, 2023. (d/e 10/23/2023). The Court warned that the failure to do so would result in the dismissal of the case with prejudice for failure to comply with the Court's Order and failure to prosecute. *Id.*

On November 17, 2023, Defendants filed a Motion to Dismiss asserting that Plaintiff still has not served his initial disclosures or responded to the discovery requests as directed. (Doc. 34). Plaintiff's response to Defendant's Motion was due by December 1, 2023, but he did not respond.

**ANALYSIS**

A complaint may be dismissed as a sanction under Federal Rule of Civil Procedure 37(b) if a party "fails to obey an order to provide or permit discovery." *Watkins v. Nielsen*, 405 Fed. App'x 42, 44 (7th Cir. 2010) (internal citations omitted); Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal is appropriate if the court finds the party's actions "displayed willfulness, bad faith, or fault, and if dismissal would be a proportionate response to the circumstances. *See Watkins*, 405 Fed. App'x at 44; *see also Williams v. Wahner*, 714 Fed. App'x 601 (7th Cir. 2018) (upholding district court's dismissal of case for plaintiff's failure to respond to discovery). "If the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties, dismissal … would be an excessively severe sanction." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

Here, Plaintiff failed to comply with the Court's Order entered on October 23, 2023, to provide his initial disclosures and respond to Defendants' discovery requests. This failure is more than inadvertent, isolated, or careless and has caused serious inconvenience to the Defendants. *See Crown Life Ins. Co.*, 995 F.2d at 1382. As a result, the Court finds that Plaintiff has displayed willfulness, bad faith, and conduct sanctionable under Rule 37(b)(2)(A)(v) and failed to comply with the Court's Orders under Rule 41(b). *See Newman v. Metr. Pier & Expo. Auth.*, 962 F.2d 589,

591 (7th Cir. 1992) (ruling that plaintiff's failure to comply with court orders is properly sanctioned by dismissal of suit). Defendants' Motion to Dismiss is GRANTED, and this case is hereby DISMISSED with prejudice.

**IT IS THEREFORE ORDERED:**

1) Defendants' Motion to Dismiss [34] is GRANTED. This case is DISMISSED with prejudice as a sanction for failure to participate in discovery and failure to follow the Court's Orders. The Clerk is directed to enter judgment and close this case.

2) Plaintiff remains responsible for the remainder of the $350 filing fee even though his case has been dismissed. (d/e 1/18/2023).

3) If Plaintiff wishes to appeal this judgment, he must file a Notice of Appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).

4) To proceed *in forma pauperis* on appeal, Plaintiff must file a Motion for Leave to Proceed on Appeal *in forma pauperis* and identify the issues he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (An appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED:  1/3/24

                                      s/ James E. Shadid
                                      James E. Shadid
                                      United States District Judge